```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
```
AMERIPRISE FINANCIAL SERVICES, INC.,

                    Petitioner,
               Cross-Respondent,              **O R D E R**

         - against -                         19 Civ. 7812 (NRB)

JEFFREY R. SILVERMAN,

                    Respondent,
               Cross-Petitioner.
```
----------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

On December 11, 2019, the Court issued a Memorandum and Order granting Ameriprise Financial Services, Inc.'s ("Ameriprise") petition to confirm an arbitral award against Jeffrey R. Silverman ("Silverman") and denying Silverman's cross-petition to vacate the award. See Ameriprise Fin. Servs., Inc. v. Silverman, 19 Civ. 7812 (NRB), 2019 WL 6728862 (S.D.N.Y. Dec. 11, 2019). Shortly thereafter, on December 23, 2019, Ameriprise filed a motion for attorneys' fees and costs incurred in prosecuting its petition and opposing Silverman's cross-petition. See ECF No. 27. On January 9, 2020, Silverman filed a notice of appeal. See ECF No. 31.

"The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v.

1

Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) (per curiam). "However, notwithstanding a pending appeal, a district court retains residual jurisdiction over collateral matters, including claims for attorneys' fees." Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 225 (2d Cir. 2004). Nonetheless, "'if an appeal on the merits of the case is taken, the district court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) [of Federal Rule of Civil Procedure 54] a new period for filing after the appeal has been resolved.'" Id. at 225-26 (internal alterations and emphasis deleted) (quoting Fed. R. Civ. P. 54(d) advisory committee's note (1993)).

The Court accordingly denies Ameriprise's motion without prejudice to refiling it within thirty days after the Second Circuit resolves Silverman's appeal. Fed. R. Civ. P. 54(d)(2)(B). Should Ameriprise refile its motion, the Court reminds it that "[a]ll applications for attorney's fees . . . should normally be disallowed unless accompanied by contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983). Ameriprise's present motion does not supply this information.

The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 27.

**SO ORDERED.**

Dated:  New York, New York
January 14, 2020

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE